IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CAPRETTO,

        Plaintiff,                No. CIV S-12-2012 MCE CKD PS

    vs.

BANK OF AMERICA, et al.,

        Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        This action was removed from state court. Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

        The removal petition is confusing in that it references removal of two actions, one of which appears to be an unlawful detainer action and the other of which was filed by plaintiff himself in state court. In conclusory fashion, the removal petition alleges the complaint is

1  subject to federal question jurisdiction.  Removal based on federal question jurisdiction is proper
2  only when a federal question is presented on the face of the plaintiff's properly pleaded
3  complaint.  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  To the extent plaintiff is
4  attempting to remove an unlawful detainer action, the removing petitioner has failed to meet his
5  burden of establishing federal jurisdiction and the matter should therefore be remanded.  <u>See</u>
6  <u>generally</u> <u>Singer v. State Farm Mutual Automobile Insurance Co.</u>, 116 F.3d 373, 375-376 (9th
7  Cir. 1997).  To the extent that plaintiff is attempting to remove an action filed in state court by
8  himself, there is no basis for removal in that only defendants may remove an action to federal
9  court.  <u>See</u> 28 U.S.C. § 1441(a).

10         Accordingly, IT IS HEREBY RECOMMENDED that the above-entitled action be
11  summarily remanded to the Superior Court of California, County of Solano.

12         These findings and recommendations are submitted to the United States District
13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
14  days after being served with these findings and recommendations, any party may file written
15  objections with the court and serve a copy on all parties.  Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
17  shall be served and filed within seven days after service of the objections.  The parties are
18  advised that failure to file objections within the specified time may waive the right to appeal the
19  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20   Dated: August 3, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 capretto.remud